United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENORA OMENKA,<br>Plaintiff,<br>v.<br>SELECT PORTFOLIO SERVICING INC., et al.,<br>Defendants. | Case No. 3:21-cv-08456-WHO<br><br>**ORDER ON MOTION TO ENFORCE SETTLEMENT AGREEMENT**<br><br>Re: Dkt. No. 51 |

**BACKGROUND**

Plaintiff Lenora Omenka, now proceeding pro se, filed the underlying action in this case against defendant Select Portfolio Servicing, Inc. ("SPS") on October 29, 2021. [Dkt. No. 1]. She filed an amended complaint on December 14, 2021. [Dkt. No 25]. I denied a preliminary injunction on January 25, 2022, the Order for which outlines the relevant facts of the case. [Dkt. No. 31]. This Order assumes familiarity with those facts.

On August 23, 2022, I issued an Order to Show Cause ("OSC") as to why this case should not be dismissed for failure to prosecute, noting that SPS filed a Case Management Statement without input from Omenka and that Omenka failed to appear at the Case Management Conference ("CMC"). [Dkt. No. 42]. Although Omenka did not file anything in response, she appeared at the OSC hearing on October 3, 2022, stated she wished to continue pursuing the case, and explained that the parties had reached a settlement agreement. [Dkt. Nos. 43, 44].

In advance of the next CMC, the parties submitted a joint statement explaining they had signed a settlement agreement in which Omenka agreed to dismiss the case with prejudice, but that Omenka then declined to do so. [Dkt. No. 47]. Omenka failed to appear at the CMC on December 12, 2022. [Dkt. No. 49]. At the CMC, SPS again noted that the parties had executed a

complete settlement agreement which required Omenka to dismiss the present lawsuit with prejudice within 5 days of signing the agreement, but that she failed to do so and stated she was disinclined to do so.

Subsequently and at my recommendation from that case management conference, SPS filed this Motion to Enforce the Settlement Agreement. ("Mot.") [Dkt. No. 51]. SPS filed a declaration in support of the Motion with a copy of the settlement agreement. Declaration of Tiffany Ng ("Ng. Decl.") [Dkt. No. 52] Ex. A ("Agreement"). Pursuant to the terms of the Agreement, signed by both parties, Omenka agreed to "execute and file a Request for Dismissal dismissing Defendants *with prejudice* from the Action within five (5) days after the Effective Date of the Agreement." Agreement at 3. In exchange, SPS agreed to not execute a nonjudicial foreclosure of Omenka's property before January 5, 2023. *Id.*

Omenka's response to this Motion was due on January 5, 2023. As of the date of this order, she did not respond. Under Civil Local Rule 7-1(b), I find this matter appropriate for resolution without oral argument and so VACATE the hearing scheduled for February 8, 2023. *See* Dkt. No. 53.

**LEGAL STANDARD**

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987) (citations omitted); *see also Dacanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir. 1978) ("[I]t is . . . well settled in the usual litigation context that courts have inherent power summarily to enforce a settlement agreement with respect to an action pending before it; the actual merits of the controversy become inconsequential." (citations omitted)).

"The moving party has the burden of demonstrating that the parties formed a legally enforceable settlement agreement." *Madani v. Cnty. of Santa Clara*, No. 16-CV-07026-LHK, 2019 WL 402362, at *6 (N.D. Cal. Jan. 31, 2019) (citation omitted). "The construction and enforcement of the settlement is governed by California contract law." *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, No. 2672 CRB (JSC), 2020 WL 2425792, at *2 (N.D. Cal. May 12, 2020) (citing *United Com. Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853,

856 (9th Cir. 1992)). "Under California law, the essential elements of a contract are: the parties capable of contracting; a lawful object; the parties' consent; and sufficient cause or consideration." *Madani*, 2019 WL 402362, at *6 (citing *Lopez v. Charles Schwab & Co., Inc.*, 118 Cal. App. 4th 1224, 1230 (2004)); *see also* Cal. Civ. Code § 1550.

If a settlement agreement is valid under state law, it must also meet two federal requirements. First, the agreement must be "complete." *Callie*, 829 F.2d at 890. Second, "both parties must have directly agreed to be bound by the terms of the settlement or have authorized their respective representatives to settle the dispute." *Madani*, 2019 WL 402362, at *7 (citing *Harrop v. Western Airlines, Inc.*, 550 F.2d 1143, 1144-45 (9th Cir. 1977)); *see also Callie*, 829 F.3d at 891 ("[I]n addition to the intent of the parties to bind themselves, the formation of a settlement contract requires agreement on its *material* terms.").

## DISCUSSION

### I. Enforceability Under California Law

SPS has met its burden to show the Settlement Agreement is enforceable under California law. *See Madani*, 2019 WL 402362, at *6; *In re Volkswagen*, 2020 WL 2425792, at *2.

In *Stewart v. Preston Pipeline Inc.*, the California Court of Appeal explained that under California Civil Procedure Code section 1550, "the settlement agreement itself demonstrated each element of contract" because it "identified the parties, facially evidenced mutual consent, had a lawful object of resolving litigation, and contained mutual promises (sufficient consideration)." 134 Cal. App. 4th 1565, 1586, 36 Cal. Rptr. 3d 901, 918 (2005). Here, too, the face of the Agreement—along with the course of litigation—names the parties, which are capable of contracting; evidences mutual consent by way of the mutually beneficial terms and the fact that both parties signed the Agreement; identifies resolution of litigation as an object, which is lawful; and contains mutual promises, namely that SPS will delay foreclosure proceedings to give Omenka a chance to catch up on payments or find a suitable buyer in exchange for Omenka dismissing this suit with prejudice and withdrawing all applications for loan modification review. *Cf. id.*; *see also* Agreement. And, under an objective analysis, the terms of the contract evince sufficient consideration and consent to settle the case. *See Madani*, 2019 WL 402362, at *7.



United States District Court
Northern District of California

Accordingly, the Agreement is contains the essential elements of a contract under California law and is therefore valid and enforceable.

**II. Validity Under Federal Law**

The Settlement Agreement is also valid under federal law.

First, the contract between Omenka and SPS was a complete agreement. The Agreement terms specifically provide that: (1) Omenka will dismiss this case with prejudice; (2) Omenka will withdraw her applications for loan modification review; (3) SPS will delay foreclosure on the subject property to give Omenka "an opportunity to attempt to sell the Property, refinance the Mortgage, or otherwise fully pay off the existing Loan"; (4) and Omenka will release all claims against SPS arising from this dispute. Settlement at 3. The Settlement was signed by both parties. *See id.* at 7. Accordingly, the Agreement "contains all material terms" and I have "enough information to determine the scope of the parties' respective duties." *Madani*, 2019 WL 402362, at *8 (citing *Callie*, 829 F.2d at 890). And, SPS's declaration indicates the completion of its conditions precedent, namely that it delayed foreclosure of the property, but that Omenka has not met her obligations to dismiss this suit. Ng Decl. ¶¶ 2, 4. The Agreement is complete under California law.

Second, it is clear from the face of the Agreement that the parties intended to bind themselves to the terms. *See id.* at *7. Omenka personally signed the Agreement, as did counsel for SPS, which indicates mutual consent. Agreement at 7. And although Omenka is proceeding pro se, the terms of the Agreement are objectively clear and easy to understand, and she previously told me at a Case Management Conference that she intended to be bound by the Agreement. SPS did include a copy of letter it sent to Omenka that contains some notes apparently handwritten by Omenka, but those comments do not indicate that Omenka did not intend to be bound by the terms of the Agreement. *See id.* at 8. And despite ample opportunity to appear in court, contest this motion, or continue litigating this case, Omenka has not provided any reason why the terms of this Agreement are invalid or unenforceable.

Accordingly, I find this factor is met and the Agreement is valid under federal law.

## CONCLUSION

For the foregoing reasons, SPS's Motion to Enforce the Settlement Agreement is GRANTED. Pursuant to the undisputed terms of the Settlement Agreement, **IT IS HEREBY ORDERED** that this case is dismissed with prejudice. The Clerk shall close the case.

**IT IS SO ORDERED.**

Dated: January 20, 2023

William H. Orrick
United States District Judge